UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.:  25-cr-3502-WQH |
| Plaintiff, | |
| v. | **ORDER** |
| ALAN ELIAS RAMIREZ, | |
| Defendant. | |

Hayes, Judge:

The matter before the Court is the Motion to Hold an Evidentiary Hearing on the Failure to Preserve Evidence, filed by Defendant Alan Elias Ramirez. (ECF No. 46.)

## I.    Background

On August 29, 2025, a Complaint was filed alleging that on the night of August 28, 2025, Defendant applied for admission into the United States from Mexico at the San Ysidro, California Port of Entry as the driver, registered owner, and sole visible occupant of a Ford Explorer bearing California license plates. (ECF No. 1.) The Complaint alleges that a United States Customs and Border Protection ("CBP") Officer conducted an inspection of the vehicle and found two individuals concealed under a blanket behind the first-row passenger seat of Defendant's vehicle. The Complaint alleges that the two individuals, an adult later identified as Carlos Domingo Gonzalez-Lucas and a minor child later identified as D.G.G.L., were determined to be citizens and nationals of Guatemala without legal documents to enter, pass through, or reside in the United States.

On September 10, 2025, Defendant was charged by Indictment with two counts of Bringing In Aliens for Financial Gain and Aiding and Abetting, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2, and two counts of Bringing In Aliens without Presentation and Aiding and Abetting, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2. (ECF No. 20.)

On December 5, 2025, Defendant filed the pending Motion to Hold an Evidentiary Hearing on the Failure to Preserve Evidence. (ECF No. 46.) Defendant asserts that he wants to inspect all digital devices seized in this case, but "the government returned one of the material witnesses' phones to his mother, here in the United States, before the defense had any opportunity to inspect this phone." *Id.* at 5. Defendant contends that this phone, which belonged to the minor child found in Defendant's vehicle, "may have contained exculpatory information," such as "statements by the material witness about the incident," and location data. *Id.* Defendant contends that his "due process rights may have been violated here," and "[t]he Court deserves more information to determine whether CBP violated Mr. Ramirez's due process rights by giving the cell phone to the material witness's mother" after charges were filed and the Government was ordered to comply with *Brady v. Maryland*, 373 U.S. 83 (1963), and progeny. *Id.* at 10.

On December 19, 2025, the Government filed a response in opposition to the Motion to Hold an Evidentiary Hearing on the Failure to Preserve Evidence. (ECF No. 52.) The Government states:

> CBP did not destroy D.G.G.L.'s cell phone. CBP erroneously returned it to D.G.G.L.'s mother. CBP did not have consent to examine the cell phone and did not download it. As such, CBP did not possess its contents and was unaware of any information it may have contained. The United States, along with CBP, have made efforts to retrieve the cell phone but have been unsuccessful. The United States informed the parties of the cell phone had been accidentally returned to D.G.G.L.'s mother by a CBP staff member as soon as it became aware. While regrettable, there is no indicia of bad faith in the circumstance.

*Id.* at 5.

On December 19, 2025, the Court conducted a motion hearing/trial setting during which the parties addressed the pending Motion to Hold an Evidentiary Hearing on the Failure to Preserve Evidence. (ECF No. 55.) The Court then issued an Order requiring the Government to file any evidence in support of its opposition to the pending motion by January 5, 2026, and allowing Defendant to file a reply by January 12, 2026. (ECF No. 56.)

On December 24, 2025, the Government filed a Declaration of CBP Officer Alma Victorio-Green. (ECF No. 57.) Officer Victorio-Green states:

> On October 28, 2025, in preparing for the material witness deposition in this case, I contacted the phone lab to request a copy of the minor material witness's (D.G.G.L.) cell phone download. At the time, I was under the impression that D.G.G.L.'s cell phone was in the lab. I later discovered that D.G.G.L.'s cell phone never went to the phone lab. Also, I discovered we never attained a download of D.G.G.L.'s cell phone.
>
> On October 28, 2025, while waiting on a response from the phone lab, I located the DHS Form 6051, Detention Notice and Custody Receipt, for D.G.G.L. In reviewing the DHS Form 6051, I discovered that D.G.G.L.'s cell phone had been mailed to his mother on or about September 23, 2025, by CBP Technician, Evidence Custodian Jorge Espinoza, Jr. CBP Technician Espinoza is part of Mission Support and is not a CBP Officer. CBP Technician Espinoza is not personally involved nor does he have detailed knowledge of the prosecution of cases. …
>
> On November 23, 2025, I emailed CBP Technician Espinoza to inquire who had authorized the release of D.G.G.L.'s cell phone. CBP Technician Espinoza responded to me the following day on November 24, 2025. CBP Technician Espinoza explained that he contacted CBP District Liaison Officer Adriana Burns to receive clarification, and he realized he had made a mistake in mailing out D.G.G.L.'s cell phone. CBP Technician Espinoza added that he saw on PACER that D.G.G.L. had been released and he believed that property usually is released along with the material witnesses.

*Id*. ¶¶ 3–4, 6. Officer Victorio-Green further states that she called D.G.G.L.'s mother three times in an attempt to have D.G.G.L.'s mother return D.G.G.L.'s cell phone to CBP, but D.G.G.L.'s mother has not yet returned the cell phone to CBP. *See id*. ¶¶ 7–9.

The Docket reflects that Defendant has not filed a reply to the Government's opposition to the Motion to Hold an Evidentiary Hearing on the Failure to Preserve Evidence, despite being given an opportunity to do so. (*See* ECF No. 56.)

## II.    Discussion

"The government's failure to preserve potentially exculpatory evidence rises to the level of a due process violation only if the defendant shows that the government acted in bad faith." *United States v. Robertson*, 895 F.3d 1206, 1211–12 (9th Cir. 2018) (citing *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)). "The presence or absence of bad faith turns on the government's knowledge of the apparent exculpatory value of the evidence at the time it was lost or destroyed, because without knowledge of the potential usefulness of the evidence, the evidence could not have been destroyed in bad faith." *Id*. (quoting *United States v. Zaragoza-Moreira*, 780 F.3d 971, 977 (9th Cir. 2015)).

The Government has submitted evidence indicating that the return of D.G.G.L.'s cell phone to D.G.G.L.'s mother was a "mistake" committed by a CBP technician who was not personally involved in the prosecution of this case. (Victoria-Green Decl. ¶¶ 4, 6, ECF No. 57.) Defendant has made no challenge to the veracity or credibility of the Government's evidence and has not otherwise provided any argument or proffer that the Government returned D.G.G.L.'s cell phone to D.G.G.L.'s mother in bad faith. Defendant also has failed to show that the contents of D.G.G.L.'s cell phone could be accessed even if the phone had been retained or that the contents of the phone would have any exculpatory value. *See United States v. Sivilla*, 714 F.3d 1168, 1172 (9th Cir. 2013) ("The exculpatory value of the Jeep was not obvious. Thus, while the government was negligent in not

preserving the evidence, Sivilla is unable to establish that the government's actions rise to the level of bad faith required by *Youngblood*. We affirm the district court's holding that there was no constitutional violation and its refusal to dismiss on that ground."). Although Defendant speculates that the phone "may have contained exculpatory information" (ECF No. 46 at 5), mere speculation is insufficient to show bad faith. *See Cunningham v. City of Wenatchee*, 345 F.3d 802, 812 (9th Cir. 2003) ("[Detective] Perez's failure to gather any physical evidence does not show bad faith because the value of the untested evidence is speculative."). Defendant also has failed to show any reasonable possibility that an evidentiary hearing would produce evidence tending to show bad faith or shedding any light on the potential exculpatory value of D.G.G.L.'s cell phone.

### III.    Conclusion

IT IS HEREBY ORDERED that the Motion to Hold an Evidentiary Hearing on the Failure to Preserve Evidence is denied. (ECF No. 46).

Dated:  January 26, 2026

Hon. William Q. Hayes
United States District Court